EASTERN DIST.
January, 1832.

FRANKLIN'S CURATOR *vs.* SOWARD ET ALS.

FRANKLIN'S
CURATOR
*vs.*
SOWARD ET ALS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

A co-defendant against whom no evidence is given, may be examined as a witness in behalf of the co-defendant sued with him.

The petition set forth that the defendant, Soward, had fraudulently possessed herself of a promissory note belonging to the succession of Franklin, and converted it to her own use.

Hodgson and Jones, were charged with having combined with her in the fraud, and judgment prayed *in solido* against the three.

Soward pleaded the general issue, and further alleged that she became legally possessed of the note for a good and valuable consideration. Hodgson and Jones pleaded the general issue; averred they were made parties to the suit merely to exclude their evidence, and prayed to be tried separately.

On the trial, a bill of exceptions was taken to the opinion of the court, in rejecting Hodgson and Jones, who were offered by the defendant, Soward, as witnesses to prove the defence set up in her answer.

There was judgment *in solido* against the defendants, from which they appealed.

*Hennen,* for appellants, contended :

That the judge *a quo* erred, in rejecting the testimony of Hodgson and Jones.

*Nixon,* for appellee.

*Mathews, J.* delivered the opinion of the court.

In this case, the plaintiff charges the defendants as co-tress-passers or joint wrong-doers, in having illegally and fraudulently substracted, and taken from the papers of the deceased, a note of hand for four thousand dollars, and converted it to their own use. They severed in their answers, the first, Mary Soward, pleaded the general issue, and alleged, that she

became legally possessed of the note in dispute, for a good
and valuable consideration, &c. The other two deny the
facts alleged in the petition, and say, that they were made
defendants, merely to exclude their evidence, &c., pray to
be tried separately and one of them, Jones, prayed for a trial
by jury, which was afterwards waived, and the entire cause
submitted to the parish, judge, who gave judgment *in solido*
against them all, from which they appealed.

From the evidence of the case, it appears, that the defendant, Soward, had attended to the household affairs of the intestate, for several years previous to his death, and that during that period, they were in a state of concubinage, that she had been faithful to the interests of her partner, and immediately after his decease was the possessor of the note in contest, alleging that it had been given to her by him on the day immediately preceding his decease, (when hopes of providing for her by will or testament, had failed) as a remuneration for her services. But in the course of the trial of the cause in the court below, no evidence was admitted to show how she obtained possession of the note. That of Hodgson, one of the defendants being rejected, and no other witness offered to prove this fact. The note is shown to have been the property of the intestate, and unless it had been legally transferred to the defendant, Soward, previous to his death, constituted at that time a part of his succession, to be administered by the curator, and perhaps, under all the circumstances of this case, as disclosed by the testimony, the burthen of proof is properly placed on her to show that she obtained possession of this paper honestly and legally, in such a manner as to transfer to her a right of property in it. This statement of the case leads us fairly to an examination of the bills of exception, taken by the counsel of the defendants, to the rejection of testimony by him offered. We have already seen that the defendants separated in their answers. They did not however, require to be tried separately, and they probably could not legally have made this requisition for the purpose of becoming witnesses one for another Having been made co-defendants in tresspass, their competency to testify on

EASTERN DIST.
January, 1832.
————————
FRANKLIN'S
CURATOR
vs.
SOWARD ET ALS.

either side, was destroyed according to the known rule of evidence, that parties cannot be received as witnesses. The incompetency thus imposed on defendants by the mode of proceeding against them, in relation to themselves, may be avoided by the peculiar circumstances of the trial of a cause. "If there be no evidence to charge one co-defendant, he may, after all the evidence for the rest has been closed, be acquitted and examined as a witness for the rest, for otherwise the plaintiff might exclude all the defendants' witnesses, by making them co-defendants." 2 *Starkie on evidence, part* 4, *page* 766.

This doctrine has been admitted as true by this court, in the judgment rendered in the case of *Curtis* vs. *Graham.* 12 *Martin,* 289. But the decision in that case, was based principally on the fact, that process had not been served on the defendant, whose testimony was offered, and that he could not have been legally made a defendant, in consequence of his residence being out of the parish when the suit was instituted.

A co-defendant against whom no evidence is given may be examined as a witness in behalf of the co-defendant sued with him.

After the testimony was closed on both sides in the present case, the counsel for the defendants offered two of them as witnesses for the third, viz: Hodgson and Jones for Soward, they were rejected by the counsel below, and an exception taken, &c. The correctness of the opinion of the inferior court, in rejecting these witnesses, depends on the weight of evidence against them adduced from the witnesses examined in the cause. If there was none on which they ought to be convicted, of the tresspass alledged against them, they should have been considered as competent. On this subject as on most others, the law is not much embarrassed, but its application is rendered doubtful from the uncertain conclusions to which the facts as stated may give rise. Without detailing them at length, as drawn from the witnesses, it may suffice to say that we have examined the testimony with great attention and have come to the conclusion, that in relation to Hodgson, the evidence discloses facts, calculated to raise a violent presumption that he was a participator in the illegal and fraudulent act of removing the note now in dispute (if any such were committed) from the papers of the deceased; but as it regards

EASTERN DIST.
January, 1832.

FRANKLIN'S
CURATOR
vs.
SOWARD ET ALS.

Jones, there is no evidence to charge, or in other words, none sufficient to convict him of any participation in the tresspass alleged against the defendants generally, in the act of taking the note. The testimony of the witnesses, Nixon and Roberts, detail facts amply sufficient in our opinion, to render Hodgson incompetent to testify, taking into view his situation, as a co-defendant in this case. As to Jones, no facts are established against him except the circumstances of his coming to Franklin's house after the death of the latter, by invitation from Mrs. Soward, and having subsequently acted as her agent in having the note discounted. It appears, however, from the testimony of Col. Boyd, that Jones did not come to the house of the defendant, Soward, until after he, the witness, had learned from Hodgson, that she had been provided for by Franklin, in giving to her the note of four thousand dollars. If it had been fraudulently acquired, it is not to be presumed, that the wrong-doers would communicate their improper and illegal conduct to any other persons, concealment on the part of evil-doers, is the natural and general course of conduct by such pursued. Jones was not a *particeps criminis* in the first instance, and there is every reason to believe, that the fraud (if any were committed) was not communicated to him. In this view of the subject, his agency in negotiating the note, ought not to be attributed to him as an offence. If it should appear finally, to belong to the estate of Franklin, and the money obtained for it, be still in his hands, it might probably be recovered from him. But we are clearly of opinion, that there is nothing in the testimony of this case, to charge him as a tresspasser, and he ought to have been acquitted and examined as a witness. Admitting these conclusions to be correct, it follows as a necessary consequence, that the judge *a quo* erred in not allowing the witness, Halphen, to be examined, as to the acknowledgments or confessions made by Mrs. Soward, that she had received the proceeds of the note from Jones; for if he paid the money over to her in good faith, it is not easy to perceive, how he can in any manner, be made responsible to the plaintiff.

35

EASTERN DIST.    It is, therefore, ordered, adjudged and decreed, that the
*January*, 1832. judgment of the Parish Court be avoided, reversed and
PRALL            annulled, and it is further ordered, that the cause be sent back
*vs.*
PEET's CURATOR. to said court, to be tried *de novo*, with instructions to admit the
co-defendant, Jones, as a witness, and also to allow witnesses
to be examined, as to the acknowledgments and confessions
of the defendant, Soward, that she has received the money
arising from the discount of the note, from said Jones, and as
to any other facts which may be legally proven, to show that
he has paid it over to her in good faith. It is also, further
ordered, that the plaintiff and appellee pay the costs of this
appeal.